(C.D. 4545)

KEYSTONE CASING SUPPLY, INC. *v.* UNITED STATES

242

(Decided May 30, 1974)

*Allerton deO. Tompkins; Lloyd B. Engle, Jr.,* associate counsel; for the plaintiff.

*Carla A. Hills,* Assistant Attorney General (*Steven P. Florsheim* and *Saul Davis,* trial attorneys), for the defendant.

LANDIS, Judge: These six cases, consolidated for trial, involve 50-yard rolls of tubular textile fabric imported from Italy [1] which fabric after importation was cut into small random pieces and used to wrap rolled roast beef and salami type meat products.

The merchandise was classified by customs under TSUS (Tariff Schedules of the United States) item 386.05 as articles not specially provided for, of textile materials.[2]

Plaintiff in its complaint alleges the merchandise should have been classified under TSUS item 352.80 as netting, in the piece, made on a knitting machine.[3]

Defendant has filed answer admitting that the rolls of the fabric are netting, but denying that they are in the piece made on a knitting machine.

Schedule 3, part 4 and part 7, provide for the above classifications in pertinent context as follows:

Classified:

SCHEDULE 3. – TEXTILE FIBERS AND TEXTILE PRODUCTS

Part 7. – Miscellaneous Textile Products;
Rags and Scrap Cordage

Subpart B. – Textile Articles Not
Specially Provided For

---

[1] Exhibits 1 through 30 are representative fabric samples cut from the imported rolls of the kind used with cooked meats, i.e., rolled roast beef. Exhibit 32 is a list of the contested entries involving fabric used to wrap salami type meats.

[2] Dutiable at 50 per centum ad valorem as net articles, whether or not ornamented.

[3] Dutiable at 24 per centum ad valorem.

Subpart B headnote:

1. This subpart covers articles, of textile materials, not covered elsewhere in the tariff schedules.

---

Articles not specially provided for, of textile materials:

386.05      Lace or net articles, whether or not ornamented, and other articles ornamented _____      50% ad val.

Claimed:

### SCHEDULE 3. – TEXTILE FIBERS AND TEXTILE PRODUCTS

Part 4. – Fabrics of Special Construction or For Special Purposes; Articles of Wadding or Felt; Fish Nets; Machine Clothing

Subpart B. – Lace, Netting, and Ornamented Fabrics

Subpart B headnotes:

1. This subpart covers only (a) textile fabrics in the piece, of any width, including edgings, insertings, galloons, flouncings, and all-overs, and (b) textile motifs. Fabrics described in part 3, part 4A, or part 4C of this schedule are covered by item 333.50 if ornamented.

     *      *      *      *      *      *      *

Netting, in the piece, made on a lace, net, or knitting machine, whether or not ornamented:

     *      *      *      *      *      *      *

| | | |
|---|---|---|
| | Not ornamented: | |
| * * * | Quilling _____ | * * * |
| | Other: | |
| 352.40 | Made on a Mechlin (or Malines) net machine\_\_\_\_ | * * * |
| 352.50 | Made on a bobbinet machine, of cotton, and having not over 224 holes per square inch _____ | * * * |
| 352.80 | Other _____ | 24% ad val. |

At the trial, two witnesses testified for plaintiff. There were no witnesses for defendant.[4] The material facts testified to of record and next summarized are not in dispute.

The fabric imported in rolls of 50 yards is a cotton elastic tubular netting made on a knitting machine other than a Mechlin or bobbinet machine. Some of the fabric was produced in tubular form on a double needle bar knitting machine. Some was produced on a single needle bar knitting machine and made into tubular form by folding the fabric and closing it on another machine. The rolls of fabric are cut into random lengths after importation but show no lines of demarcation for cutting. The fabric is sold and advertised as "Jet-Net" or "Net-Tye."

At the times of importation, the fabric was sold exclusively to the industry engaged in the business of selling meat products. The importations include a fabric made to withstand the heat of an oven which is used to wrap rolled roast beef products that are ordinarily hand-tied with a cord or string. Also included is fabric used to wrap salami type meat products. There is nothing that physically identifies the fabric rolls as a meat wrap and one witness opined that it could be used to wrap cheese or used in other applications "depending upon the imagination of the user." Users cut the fabric from the rolls in random lengths determined by the size of the meat product it is to wrap. There are machines available to facilitate stuffing the meat into the tubular fabric.

Defendant does not purport to dispute that the testimony establishes that the imported fabric is netting made on a knitting machine. The netting [5] is also unquestionably "in the piece."

Both sides have filed briefs.[6] Plaintiff assesses that it has factually proved that the imported rolls of textile fabric consist of netting, in the piece, made on a knitting machine, dutiable under TSUS item 352.80. Defendant, relying on the factual testimony that the imported fabric was exclusively used to wrap meat products, contends that the fabric cannot be classified as netting, in the piece, because in the manner of its use the fabric is not, in the tariff sense, a fabric "material" but rather a net "article," dutiable under TSUS item 386.05.

The difficulty with defendant's contention is that its argument of "material" versus "article" [7] is not germane to the issue raised by the competing superior tariff headings in this case. Classification in this

---

[4] Defendant introduced three documents (correspondence between the attorney for plaintiff and the Bureau of Customs) into evidence (exhibits A, B, and C).

[5] "Net sometimes used as a synonym for netting, is, correctly, a particular length of netting." Summary of Tariff Information (1929), schedule 14, page 2026; Summary of Tariff Information (1948), volume 15, part 5, page 18. Cf. *R. P. Oldham Company* v. *United States,* 41 CCPA 53, C.A.D. 528 (1953).

[6] Plaintiff also filed a reply brief and defendant a surreply brief.

[7] Cf. *D. N. & E. Walter & Co., et al.* v. *United States,* 44 CCPA 144, C.A.D. 652 (1957); compare this contention with defendant's contention in *Sandvik Steel, Inc.* v. *United States,* 66 Cust. Ct. 12, C.D. 4161 (1971).

case involves the question of how the imported merchandise, which defendant's pleadings admit consists of textile fabrics, should be classified in terms of the superior heading in schedule 3, part 4, subpart B, for netting, in the piece, made on a knitting machine, in competition with the superior heading in schedule 3, part 7, subpart B, for articles not specially provided for, of textile materials. With respect to that competition it is only necessary to observe that the superior heading for articles not specially provided for, of textile materials, is prefaced by a headnote which states that the subpart in which the heading appears (schedule 3, part 7, subpart B) only "covers articles, of textile materials, not covered elsewhere in the tariff schedules." Netting, in the piece, made on a knitting machine, which is covered in schedule 3, part 4, subpart B, is obviously not covered by schedule 3, part 7, subpart B. The rolls of fabric imported in this case provenly consist of netting, in the piece, made on a knitting machine. The said rolls, therefore, consist of fabric, of textile material, specially provided for by item 352.80 as netting, in the piece, and should not have been classified as though they were rolls, not specially provided for, of textile materials, under TSUS item 386.05.

The claim under TSUS item 352.80 is sustained.

Judgment will enter accordingly.